FILED
7/18/2022 3:27 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CC-22-03773-A

### CAUSE NO. _____

| | | |
|---|---|---|
| **PCT HOSPITALITY, INC,** | § | **IN THE COUNTY CIVIL COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER ___** |
| | § | |
| **MT. HAWLEY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION
## EXPEDITED ACTION UNDER TRCP 169

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PCT HOSPITALITY, INC (herein "Plaintiff"), who files this, its Original Petition and Requests for Disclosure, against MT. HAWLEY INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

### I.

### Discovery Control Plan

1. Discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

### II.

### Preliminary Information and Definitions

2. Insured:     PCT HOSPITALITY, INC (herein "Plaintiff")

  Policy Number:   MCP0167673 (herein "Policy")

  Claim Number:   484777 (herein "Claim" or "Claim Number")

  Date of Loss:    5/29/2020 (herein "Date of Loss")

  Insured Property:   8303 E. RL Thornton Freeway, Dallas, TX 75228

          (herein "Property" or "Insured Property")

  Insurer:      MT. HAWLEY INSURANCE COMPANY (herein "Defendant")

## III.

### Request for Expedited Trial Date

3. Plaintiff requests that the court set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

## IV.

### Parties

4. Plaintiff is an individual who resides in Texas.

5. Defendant is a Texas "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

6. Defendant's home office or principal place of business of the company is: 9025 N. LINDBERGH DR., PEORIA, IL 61615.

## V.

### Jurisdiction

7. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks only monetary relief of $1,000,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

8. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

## VI.

## Venue

9.  Venue is proper in DALLAS County, Texas because the insured property is situated in DALLAS
    County, Texas and/or the contract was signed in DALLAS County, Texas. TEX. CIV. PRAC. &
    REM. CODE. § 15.032

## VII.

## Facts

10. Plaintiff was the owner of the Policy issued by Defendant.  Plaintiff owns the insured property.

11. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The
    Plaintiff suffered a significant loss with respect to the property at issue.

12. Plaintiff submitted its claim to Defendant with a Date of Loss for their damages.

13. Defendant assigned a Claim Number to Plaintiff's claim.

14. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious
    knowledge and evidence of serious damages.

15. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy
    provided coverage for losses such like those suffered by Plaintiff.

16. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms
    of the policy.  Defendant failed and refused to pay the full proceeds of the policy although due
    demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and
    all conditions precedent to recovery upon the policy had been carried out and accomplished by
    Plaintiff.  Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

17. Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

18. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

19. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

20. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

21. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

22. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging

Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of* Claims *Act.* TEX. INS. CODE § 542.055.

23. Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.056.

24. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE § 542.055.

25. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

26. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

27. Plaintiffs experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VIII.

## Causes of Action:

28. Plaintiff incorporates Paragraphs 1 to 26 by reference.

## COUNT 1:

## Breach and Anticipatory Breach of Contract

29. Defendant 's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff.  Plaintiff anticipates that Defendant will continue in such breaches of contract.

30. Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff.  Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

31. Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

32. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

33. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability

under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

34. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

35. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

36. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

37. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

38. Defendant's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-

payment of the claims. TEX. INS. CODE § 542.055-542.060.

39. Defendant's delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 2:

### Breach of the Duty of Good Faith and Fair Dealing

40. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.  See: *State Farm Lloyd's v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). (Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual.)

41. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as Defendant's canceling said Policy.

## COUNT 3:

### Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

42. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

43. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

44. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

    a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b.    Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    c.    Advertising goods or services with intent not to sell them as advertised;

    d.    Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

    e.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    f.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

    g.    Failing to disclose information concerning goods or services which was known at the time of

the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

h.      Engaging in an unconscionable course of conduct.

## **COUNT 4:**

## **Violations of Texas Prompt Payment of Claims Act:**

## **Texas Insurance Code, Chapter 542:**

## **Strict Liability with No Good Faith Exception**

45. Defendant's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

46. As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.051-542.061.

47. As described above, Defendant failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

a.      Acknowledge the claim.  Defendant failed to acknowledge receipt of the claim, including separate claims arising from the same incident.  TEX. INS. CODE § 542.055(a)(1).  See *Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

b.      Record the acknowledgement.  Defendant failed to make a record of the date, means, and

---

[1] TEX. INS. CODE § 542.055(a)

content of the acknowledgement.  TEX. INS. CODE § 542.055(c);

c.      Commence the investigation.  Defendant failed to make commence a reasonable
        investigation of the claim.  TEX. INS. CODE § 542.055(a)(2); and/or

d.      Request information from the claimant.  Defendant failed to request from the Plaintiff all
        items, statements and forms reasonably needed from Plaintiff.  TEX. INS. CODE §
        542.055(a)(3).

48. As described above, Defendant failed to perform one or more of the following duties after Defendant
    received all items, statements, and forms reasonable required by the Plaintiff:

a.      Accept of reject the claim.  Defendant failed to notify Plaintiff by the 15th "business day" that
        Defendant either accepts or rejects the claim.[23]  TEX. INS. CODE § 542.056(d);

b.      State reasons for any rejection.  Defendant failed to notify Plaintiff of any reasons for
        denying such claim.  TEX. INS. CODE § 542.056(c);

c.      Ask for more time and tell why it is needed.  Defendant failed to notify Plaintiff it needed
        more time and the reasons for seeking more time.  TEX. INS. CODE § 542.056(d);

d.      Pay the claim after accepting.  Defendant failed to pay the claim within five "business days"
        or twenty days if Defendant is a surplus lines insurer.  TEX. INS. CODE § 542.057(a),(c);

e.      Pay the claim after the claimant performs any condition.  If Defendant sought a condition on
        Plaintiff, it did not pay such claim within five "business days" or twenty days if Defendant is

---

[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension.  TEX. INS. CODE § 542.056(d)

a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

f.     Pay the claim within 60 days after receipt of information.  Defendant failed to pay the claim within 60 days after receiving the items requested from Plaintiff.  TEX. INS. CODE § 542.058(a).

## COUNT 5:

### Unfair Insurance Practices:

### Texas Insurance Code, Chapter 541

49. Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

50. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

a.     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b.     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

    i.     with respect to which the Defendant's liability has become reasonably clear; or

    ii.    a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment

---

[4] TEX. INS. CODE § 541.060

under one portion of the coverage constitutes evidence of liability under another portion of the policy;

c.    failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

d.    failing within a reasonable time to:

    i.    affirm or deny coverage of a claim to Plaintiff;

    ii.    submit a reservation of rights to a Plaintiff;

e.    refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

f.    undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

g.    requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

51. Defendant may have engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[5]:

---

[5] TEX. INS. CODE § 541.151

    a.      misrepresentations and false advertising of policy contracts;

    b.      false information and advertising generally;

    c.      defamation of insurers or persons engaged in the business of insurance;

    d.      boycott, coercion, and intimidation in the business of insurance;

    e.      false financial statements;

    f.      stock operations and advisory board contracts;

    g.      unfair discrimination;

    h.      rebates;

    i.      deceptive names, words, symbols, devises, and slogans; and/or

    j.      misrepresentation of the insurance policies;

52. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

    a.      making an untrue statement of material fact;

    b.      failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c.      making a statement in such manner as to mislead a reasonably prudent person to a false

---

[6] TEX. INS. CODE § 541.061

conclusion of a material fact;

d.       making a material misstatement of law; and/or

e.       failing to disclose a matter required by law to be disclosed, including failing to make
disclosure in accordance with an other provision of the insurance code.

## COUNT 6:

## Fraud

53. Defendant knowingly and with reckless disregard for the Plaintiff in the course of handling of this
subject claim made false statements, misrepresented material facts, and engaged in actions and/or
omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril
and Plaintiff having relied upon such fraudulent conduct, have been injured.

54. Defendant knowingly and with the reckless disregard for the Plaintiff in the course of handling of
this subject claim made false statements, misrepresented material facts, and engaged in actions
and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance
benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent
conduct, have been injured.

55. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such
fraudulent conduct thereby causing Plaintiff to suffer injury.

## COUNT 7:

## Ongoing Conspiracy to Commit Illegal Acts

56. Defendant was a member of a combination of two or more persons whose object was to accomplish

the stated illegal acts upon Plaintiff.  Defendant, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

57. Defendant, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

58. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

## IX.

## Damages and Prayer

59. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

a.      Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

b.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

c.    For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees.  See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.)  For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages.  See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d.    For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled.  See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "I = P R T," where "I" is interest, "P" equals the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated.  Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer.  Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the

claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied). Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997). Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.  For breach of the common law duty of good faith and fair dealing, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury.  See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).  Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f.  For fraud, Plaintiff seeks damages for breach of contract.  *Albin v. Isotron Corp.,* 421 S.W.2d 739, 744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e).  Upon a finding of actual fraud, Plaintiff seeks exemplary damages as to be determined by the jury.  TEX. CIV. PRAC. & REM. § 41.003(a)(1).

g.  For ongoing civil conspiracy, Plaintiff seeks joint and several damages to which the conspirators caused Plaintiff along with exemplary damages as determined by the jury.

h.  Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law.  If attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $750 an hour.  See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied).  Attorney's fees are awarded to a party as part of the

damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

i.   Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## X.

## RESERVATION OF APPRAISAL RIGHTS

60. By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claims Plaintiff asserts in this lawsuit.

## XI.

## AFFIRMATIVE DEFENSES

61. ***Waiver.*** Defendant has waived certain policy conditions, duties imposed on the Plaintiff, and terms of coverage of the insurance policy at issue.

62. ***Contra Proferentem.*** Defendant's contract is unilateral and in the event of ambiguity must be held against the drafter.

## XII.

## JURY DEMAND

63. Plaintiff respectfully demands a trial by jury and will remit this fee at the appropriate time.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
eric@dicklawfirm.com
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

**EXHIBIT A:**
**PLAINTIFF'S REQUIRED DISCLOSURES**

1. The correct names of the parties to the lawsuit;

**RESPONSE:  The parties have been correctly named. Otherwise, will supplement.**

2. The name, address, and telephone number of any potential parties;

**RESPONSE:   None at this time. Otherwise, will supplement in the event other potential parties are discovered.**

3. The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial)

**RESPONSE:**

- Plaintiff was the owner of the Policy issued by Defendant.  Plaintiff owns the insured property.

- Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue, and suffered additional living expenses.

- Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of the home.

- Defendant assigned a Claim Number to Plaintiff's claim.

- Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

- Defendant improperly paid Plaintiffs claim for replacement of the property, even though

the policy provided coverage for losses such as those suffered by Plaintiff.

- Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy.  Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff.  Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

- Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

- Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

- Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

- Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

- Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

- Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of* Claims *Act.* TEX. INS. CODE § 542.055.

- Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.056.

- Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt*

*Payment* of *Claims Act.* TEX. INS. CODE § 542.055.

- From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

- As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

- Plaintiffs experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

   o  **Breach and Anticipatory Breach of Contract**

- Defendant 's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff.  Plaintiff anticipates that Defendant will continue in such breaches of contract.

- Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential

4

damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

- Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

- Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

- Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

- Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

- Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights

5

to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

- Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

- Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

- Defendant's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

- Defendant's delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

- **Breach of the Duty of Good Faith and Fair Dealing**

- Defendant's conduct constitutes a breach of the common law duty of good faith and fair

6

dealing owed to insured's in insurance contracts.  See: *State Farm Lloyd's v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual.

- Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as Defendant's canceling said Policy.

- o **Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent**

- Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act**.**

- Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

- At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade

Practices Act in one or more of the following manners:

o Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

o Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

o Advertising goods or services with intent not to sell them as advertised;

o Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

o Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

o Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

o Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

o Engaging in an unconscionable course of conduct.

o **Violations of Texas Prompt Payment of Claims Act: Texas Insurance Code, Chapter 542: Strict Liability with No Good Faith Exception**

8

- Defendant's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

- As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.051-542.061.

- As described above, Defendant failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

- Acknowledge the claim. Defendant failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

- Record the acknowledgement. Defendant failed to make a record of the date, means, and content of the acknowledgement. TEX. INS. CODE § 542.055(c);

- Commence the investigation. Defendant failed to make commence a reasonable investigation of the claim. TEX. INS. CODE § 542.055(a)(2); and/or

---

[1] TEX. INS. CODE § 542.055(a)

- Request information from the claimant.  Defendant failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff.  TEX. INS. CODE § 542.055(a)(3).

- As described above, Defendant failed to perform one or more of the following duties after Defendant received all items, statements, and forms reasonable required by the Plaintiff:

- Accept of reject the claim.  Defendant failed to notify Plaintiff by the 15th "business day" that Defendant either accepts or rejects the claim.[23]  TEX. INS. CODE § 542.056(d);

- State reasons for any rejection.  Defendant failed to notify Plaintiff of any reasons for denying such claim.  TEX. INS. CODE § 542.056(c);

- Ask for more time and tell why it is needed.  Defendant failed to notify Plaintiff it needed more time and the reasons for seeking more time.  TEX. INS. CODE § 542.056(d);

- Pay the claim after accepting.  Defendant failed to pay the claim within five "business days" or twenty days if Defendant is a surplus lines insurer.  TEX. INS. CODE § 542.057(a),(c);

- Pay the claim after the claimant performs any condition.  If Defendant sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if

---

[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension. TEX. INS. CODE § 542.056(d)

Defendant is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

- Pay the claim within 60 days after receipt of information.  Defendant failed to pay the claim within 60 days after receiving the items requested from Plaintiff.  TEX. INS. CODE § 542.058(a).

     o  **Unfair Insurance Practices: Texas Insurance Code, Chapter 541**

- Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

- Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

- misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

    o  with respect to which the Defendant's liability has become reasonably clear; or

      ▪  ii.  a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of

---

[4] TEX. INS. CODE § 541.060

the coverage, unless payment under one portion of the coverage

constitutes evidence of liability under another portion of the policy;

- failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

- failing within a reasonable time to:

  o affirm or deny coverage of a claim to Plaintiff;

    ▪ ii.    submit a reservation of rights to a Plaintiff;

- refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

- undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

- requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

- Defendant may have engaged in one or more of the following settlement practices with

respect to a claim made by Plaintiff[5]:

- misrepresentations and false advertising of policy contracts;

- false information and advertising generally;

- defamation of insurers or persons engaged in the business of insurance;

- boycott, coercion, and intimidation in the business of insurance;

- false financial statements;

- stock operations and advisory board contracts;

- unfair discrimination;

- rebates;

- deceptive names, words, symbols, devises, and slogans; and/or

- misrepresentation of the insurance policies;

- Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

- making an untrue statement of material fact;

---

[5] TEX. INS. CODE § 541.151
[6] TEX. INS. CODE § 541.061

- failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

- making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

- making a material misstatement of law; and/or

- failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

### **Fraud**

- Defendant knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, have been injured.

- Defendant knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent conduct, have been injured.

- The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

**Ongoing Conspiracy to Commit Illegal Acts**

- Defendant was a member of a combination of two or more persons whose object was to accomplish the stated illegal acts upon Plaintiff.  Defendant, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

- Defendant, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

- The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

4. Category of damages claimed by the responding party—who must also make available for inspection and copying the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered

**RESPONSE:**

15

- Plaintiff fully incorporates its demand letter previously sent to Defendant by reference.

- Plaintiff seeks actual damages to their property which could consist of their structure.

- Plaintiff seeks any costs associated with mitigating their damages, if applicable.

- Plaintiff seeks damages associated with their loss of use, if applicable.

- Plaintiff seeks damages associated with loss of their personal property.

- Plaintiff seeks statutory interest.

- Plaintiff seek both prejudgment and post judgment interest.

- Plaintiff seeks costs for filing suit.

- Because Defendant's actions were knowingly and willingly, Plaintiff seeks three times damages.

- Plaintiff seeks punitive damages to the extent allowed by law, which are be determined by the jury.

- Plaintiff seeks attorney fees at contingency fee based on the total claim which is customary for causes of action such as this.  If attorney fees must be determined hourly, Plaintiff seeks attorney fees at an hourly rate of $750.00.

- Plaintiff seeks mental anguish, if applicable.

5. The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

**RESPONSE:**

**PLAINTIFF**
**C/O DICK LAW FIRM, PLLC**
**3701 Brookwoods Dr.**
**Houston, Texas 77092**
**832-207-2007**

**Furthermore, Plaintiff fully incorporates by reference all persons identified by any party, former party, and/or settling party as a person having knowledge of relevant facts and specifically reserves the right to call such person(s) to trial to testify in this matter. Additionally, Plaintiff incorporates by reference all the parties to this lawsuit, all the documents and personnel referred to in the records of Defendant, any and all close friends, and family members of the Defendant, any and all persons identified in any party, former**

**party, and/or settling party's (1) Interrogatories, (2) Request for Production, (3) Fact Witness List, (4) Designation of Experts (5) Any Depositions That May be Taken in This Matter, (6) Documents Exchanged in Discovery and (7) Custodian of Records.**

6. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE: Plaintiff has provided a demand Defendant that outlines its claim for relief which is to be fully incorporated by reference. Otherwise, if additional documents exist and then they should be in Defendant's possession. Otherwise, Plaintiff will supplement any further documents it has in its possession, custody, or control as they become available. Applicable documents are as follows:**

- **Estimates of Plaintiff's Damages**
- **Appraisal Award, If Applicable.**
- **Expert Reports, If Applicable.**

7. Any discoverable indemnity and insuring agreements;

**RESPONSE:  See Plaintiff's Insurance Policy with Named Defendant**

8. Any discoverable settlement agreements;

**RESPONSE:   None at this time.**

9. Any discoverable witness statements;

**RESPONSE:  None at this time.**

10. All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

**RESPONSE:  None at this time.**

11. All medical records and bills obtained by the responding party by virtue of an authorization furnished by my client;

**RESPONSE:  None at this time.**

12. The name address and phone number of any person who may be responsible as a third party;

**RESPONSE:  None at this time.**

**EXHIBIT B:**
**PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO**
**§ 541.161 OF THE TEXAS INSURANCE CODE AND**
**§ 17.5051 OF TEXAS BUSINESS AND COMMERCE CODE**
<u>**AND BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION**</u>

This Motion to Compel Mediation is brought in accordance with § 541.161 of the Texas Insurance Code and § 17.5051 of Texas Business and Commerce Code by Plaintiff. In support, they show:

**I.**
**SUMMARY OF THE CASE**

1.      This is a lawsuit regarding damage to an insured property.

2.      Pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code, Plaintiff asks this court to compel a mediation in an attempts to timely resolve this dispute.

**II.**
**ISSUE PRESENTED**

3.      At the request of a party, not later than the 90th day after the date a pleading for relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the Court shall sign an order setting the time and place for a mediation to occur within 30 days after the date of such order.

**III.**
**MOTION TO COMPEL MEDIATION**

4.      To promote early resolution of consumer insurance complaints, Texas Insurance Code and Texas Business and Commerce Code allows a party to compel another party to mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation must occur within 30 days of a signed order. The court may under certain circumstances grant an additional 30 days in which the mediation can be completed. Such provision allows either the parties to agree on a mediator or the court to appoint one.

5.      Plaintiff believes that there is a reasonable expectation that the disputes in this case may be resolved by the use of the alternative dispute resolution procedure of mediation, and Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.      Plaintiff requests that the Court refer this matter to a mediator who is qualified for mediation as provided by the Federal Rules.  Plaintiff request that the costs of mediation be divided as directed per Tex. Ins. Code § 541.161 and Tex. Bus. & Com. Code § 17.5051, paid in advance directly to the mediator, and taxed as costs.

7.     Plaintiff prays that the Court grant this Motion for Mediation and render an order of referral to mediation pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code.

## IV.
## BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

8.     § 541.161(a)&(b) of the Texas Insurance Code and § 17.5051(a)&(b) of Texas Business and Commerce Code states:

> A party may, not later than the 90th day after the date a pleading for relief under this subchapter is served, file a motion to compel mediation of the dispute in the matter provided by this section. **The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.**

9.     § 541.161(c)&(d) of the Texas Insurance Code and § 17.5051(c)&(d) of Texas Business and Commerce Code states:

> The court shall appoint a mediator if the parties do not agree on a mediator. The mediation must be held not later than the 30th day after the date the order is signed, unless:
>
> (1) the parties agree otherwise; or
>
> (2) the court determines that additional time not to exceed 30 days is warranted.

10.     Plaintiff has filed a pleading for relief under § 541 of the Texas Insurance Code and/or § 17 of Texas Business and Commerce Code that was served on Plaintiff within 90 days from this motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for mediation to be held not later than the 30th day after such order is signed.

## V. PRAYER

11.     For these reasons Plaintiff prays that this court sign an order setting the time and place for mediation to occur within 30 days from such order and further names a duly qualified mediator.

Respectfully Submitted,

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

## TEXAS INSURANCE CODE § 541.161

§ 541.161. MEDIATION.    (a) A party may, not later than the 90th day after

the date a pleading seeking relief under this subchapter is served, file a

motion to compel mediation of the dispute in the manner provided by this

section.

(b)    The court shall, not later than the 30th day after the date a motion

under this section is filed, sign an order setting the time and place of the mediation.

(c)    The court shall appoint a mediator if the parties do not agree on a

mediator.

(d)    The mediation must be held not later than the 30th day after the

date the order is signed, unless:

(1)    the parties agree otherwise;            or

(2)    the court determines that additional time not to exceed 30

days is warranted.

(e)    Each party who has appeared in the action, except as agreed to

by all parties who have appeared, shall:

(1)    participate in the mediation;            and

(2)    except as provided by Subsection (f), share the

mediation fee.

(f)    A party may not compel mediation under this section if the amount of

actual damages claimed is less than $15,000 unless the party seeking to compel

mediation agrees to pay the costs of the mediation.

(g)    Except as provided by this section, the following apply

to the appointment of a mediator and the mediation process provided by this section:

        (1)    Section 154.023, Civil Practice and Remedies Code;

and

        (2)    Subchapters C and D, Chapter 154, Civil Practice and

Remedies Code.


Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005

## TEXAS BUSINESS AND COMMERCE CODE § 17.5051

Sec. 17.5051.          MEDIATION.

(a)                    A party may, not later than the 90th day after the date of service of a pleading in which relief under this subchapter is sought, file a motion to compel mediation of the dispute in the manner provided by this section.

(b)     The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c)     If the parties do not agree on a mediator, the court shall appoint the mediator.

(d)     Mediation shall be held within 30 days after the date the order is signed, unless the parties agree otherwise or the court determines that additional time, not to exceed an additional 30 days, is warranted.

(e)     Except as agreed to by all parties who have appeared in the action, each party who has appeared shall participate in the mediation and, except as provided by Subsection (f), shall share the mediation fee.

(f)     A party may not compel mediation under this section if the amount of economic damages claimed is less than $15,000, unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g)     Except as provided in this section, Section 154.023, Civil Practice and Remedies Code, and Subchapters C and D, Chapter 154, Civil Practice and Remedies Code, apply to the appointment of a mediator and to the mediation process provided by this section.

(h)     This section does not apply to an action brought by the attorney general under Section 17.47.


Added by Acts 1995, 74th Leg., ch. 414, Sec. 7, eff. Sept. 1, 1995.

**EXHIBIT C:**
**PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

NOW COMES, Plaintiff who files this, it's Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

**Plaintiff may call the following experts:**

1. Andrew Sall
   832-710-7909
   Asall7@msn.com
   Complex Claims Resolution, LLC
   *Business Interruption Appraiser*

The above-named witnesses may be called to testify as business interruption expert with regard to the nature, existence of damage, loss cause (ie: hailstorm, fire, pipe explosion, sudden and accidental water loss, freeze damage, etc.), and value of Plaintiff's loss and similar loss. He may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property. His estimates will be supplemented and are incorporated by reference.

He is an appraiser who is expected to testify regarding his investigation and handling of Plaintiff's claim, including the cause, origin, and scope of loss. He will testify that he properly identified and estimated the scope and amount of loss made the basis of Plaintiff's claim subject to this lawsuit.

His opinions are within his claim report, deposition, estimate and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation and handling of the claim.

He may opine the following: (1) the insured location sustained covered loss during the effective policy period and the proper scope of reimbursement to address the aforementioned damages is reflected in the estimate previously produced or to be produced ; (2) evidence of covered loss warranting payment of those covered loss under the policy was obvious and reasonably clear during his site inspection and an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage for the aforementioned reasonably clear damages; (3) to the extend Defendant failed to acknowledge and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad faith; (4) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (5) the insured was

underpaid for this claim and Defendant knew or should have known that its claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation.

Plaintiff will supplement documents for a complete statement of this experts findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions

His report and resume will be supplemented if not attached.

Additional information he used in making any opinions, if any, will be supplemented if not attached.

2.  Matt Morgan
    503 FM 359, Suite 130, #264;
    Richmond, Texas 77469
    Email: Matthew.morgan@messtx.com
    *Bad Faith Expert*

Said expert will base opinions on his respective training, education, experience, and review of the reports, insurance application, claim file, and data, and other documents previously produced or to be produced in this case.

The above-named witnesses may be called to testify as insurance professional with regard to what a reasonable and prudent insurance adjuster and/or insurance company would have done in processing the insurance claim subject to this lawsuit. More so, what actions taken by an insurance company and its agents constitute good faith and/or bad faith. Said expert will base opinions on their respective training, education, experience, and review of the insurance policy application, data, and other documents previously produced or to be produce in this case.

He is a licensed adjuster who expected to testify regarding his investigation and Defendant's handling of Plaintiff's claim. It is expected that he will testify that the Defendant did not exercise good faith while adjusting Plaintiff's claim.

He will testify that it is his experience that an insurance company while acting in good faith will look for ways that an insurance policy will pay benefits. Basically, he will testify that it is common practice for insurance companies to give policy holders the benefit of the doubt. His opinions are that the underlying claim was handled in bad faith because Defendant was looking for ways to avoid paying policy benefits. More specifically, that a sign of an insurance company acting in bad faith is when they give little to no weight as to the facts and circumstances as depicted by the insured. Finally, he will testify that the insurance carrier participated in appraisal in bad faith.

His opinions are within his claim report, deposition, and claim correspondence – if any. His mental impressions and opinions are based on his training, experience, inspection, and personal knowledge of his investigation and reviewing the handling of the claim.

The above-named witnesses may be also called to testify as insurance professional and legal expert with regard to what constitute a valid defense of fraud. More specifically, he will testify that the Defendant would be incorrect is claiming fraud because there is a lack of materiality and/or there no material evidence showing intent to deceive on behalf of the insured.

Plaintiff will supplement documents for a complete statement of his findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions.

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, cause and value of Plaintiff's property and similar property. He may also offer testimony concerning the estimate and reports prepared by individuals utilized by Plaintiff in connection with their claim. He may also provide an opinion as to the causation of damages. Said experts will base opinions on their respective training, educations, experience, and review of the reports, estimates, and date, and other documents previously produced or to be produced in this case and each respective inspection of said property. His estimates will be supplemented and are incorporated by reference.

His report and resume, if any, will be supplemented if not attached.

Additional information he used in making opinions will be supplemented.

3. Billy Bray
   2555 Bering Drive, Suite 20;
   Houston, Texas 77057
   Phone: (281) 222-4585
   Email: Braygroup@gmail.com
   *Insurance Agent*

The above-named witnesses may be called to testify as property experts with regard to the subject loss and insurance policy at issue. He may also offer testimony concerning that the subject loss is covered under the insurance policy at issue and that a reasonable insurance carrier would have quickly and promptly paid the underlying loss.

Said expert will base opinions on his respective training, education, experience, and review of the reports, estimates, insurance policies, and date and other documents previously produced or to be produced in this case and each respective inspection of said property. His reports, if any, if not provided will be supplemented and are incorporated by reference.

He is an licensed agent who is expected to testify regarding his investigation of Plaintiff's claim, including the policy, exclusions, duties and conditions in applicable in the policy. He will testify that the subject loss is covered peril under the insurance policy at issue and no exclusions apply. He will testify that a reasonable insurance carrier would have promptly paid the underlying claim and not required Plaintiff to resort to litigation.

His opinions are within his report, deposition, and correspondence – if any. His mental

impressions and opinions are based on his training, experience, inspection and personal knowledge of his investigation of the claim.

His is expected to opine the following: (1) the insured sustained covered loss during the effective policy period (2) the proper scope of repairs to address the aforementioned damages is reflected in the estimates or appraisal awards previously produced or to be produced; (3) evidence of covered damages was obvious and reasonably clear; (4) an insurance carrier adjusting this claim reasonably and in good faith either knew or should have known to identify and accept coverage for the aforementioned reasonably clear damages; (5) to the extend Defendant failed to acknowledge and accept coverage for the aforementioned reasonably clear damage, Defendant adjusted this claim in bad faith; (6) Defendant did not fully indemnify the insured for his/her loss and he/she has not been paid to restore the insured's property back to pre-loss condition; and (7) the insured was underpaid for this claim and Defendant knew or should have known that its claim decision constituted an unfair denial because evidence of covered damages warranting further coverage at all times was reasonably clear during its claim investigation

Plaintiff will supplement documents for a complete statement of this experts findings and opinions, the investigation he performed herein, and the facts and data considered by him in forming those findings and opinions ⌞SEP⌟

His report and resume will be supplemented if not attached.

Additional information he used in making any opinions, if any, will be supplemented if not attached.


## II.


**Plaintiff may call the following experts who are retained by, employed by, or otherwise subject to the control of the responding party**

    **1.  DICK LAW FIRM, PLLC**
        Hon. Eric Dick, LL.M.
        Dick Law Firm, PLLC
        3701 Brookwoods Dr.
        Houston, Texas 77092
        (832) 207-2007
        www.dicklawfirm.com


**(A)  all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;**

**(B)  the expert's current resume and bibliography;**

**(C)  the expert's qualifications, including a list of all publications authored in the previous 10 years;**

**(D)  a list of all other cases in which, during the previous four years, the expert testified as an expert at trial or by deposition; and**

**(E)  a statement of the compensation to be paid for the expert's study and testimony in the case.**

In determining reasonable and necessary attorney fees, Plaintiff's counsel may use the following matters to perform an analysis:

| Plaintiff | Defendant | Cause Number | Venue | Attorney Fees | Type |
|---|---|---|---|---|---|
| AJM Investments | United National | 201037580 | Harris | $159,300.00 | Total |
| | | | | $99,300.00 | Trial |
| | | | | $30,000.00 | COA |
| | | | | $30,000.00 | SCOT |
| Battle, Malcolm | Cypress Texas Lloyds | 200924337 | Harris | $132,900.00 | Total |
| | | | | $132,900.00 | Trial |
| Bent, Stacey | USAA | 201057135 | Harris | $185,000.00 | Total |
| | | | | $185,000.00 | Trial |
| Cahill, John | Liberty Lloyds | E179743 | Jefferson | $344,000.00 | Total |
| | | | | $269,000.00 | Trial |
| | | | | $50,000.00 | COA |
| | | | | $25,000.00 | SCOT |
| Davis, John | National Lloyds | 201058199 | Harris | $75,000.00 | Total |
| | | | | $75,000.00 | Trial |
| Doctors Hospital 1997 | Beazely Insurance | H083340 | Houston Division | $250,000.00 | Total |
| | | | | $250,000.00 | Trial |
| Escuadra, Maria | Geovera | E185065 | Jefferson | $348,525.00 | Total |
| | | | | $313,525.00 | Trial |
| | | | | $15,000.00 | COA |
| | | | | $20,000.00 | SCOT |
| Fuentes, Candelario | State Farm | 201061039 | Harris | $304,545.00 | Total |
| | | | | $254,545.00 | Trial |
| | | | | $25,000.00 | COA |
| | | | | $25,000.00 | SCOT |
| Hayes, Joseph | USAA | 200963319 | Harris | $337,500.00 | Total |
| | | | | $237,500.00 | Trial |
| | | | | $50,000.00 | COA |
| | | | | $50,000.00 | SCOT |
| Jaw the Pointe | Lexington | 09CV1238 | Galveston | $230,000.00 | Total |

| | | | | | |
|---|---|---|---|---|---|
| | | | | $170,000.00 | Trial |
| | | | | $30,000.00 | COA |
| | | | | $30,000.00 | SCOT |
| Lewis, LaTosha | National Lloyds | B188072 | Jefferson | $350,000.00 | Total |
| | | | | $300,000.00 | Trial |
| | | | | $20,000.00 | COA |
| | | | | $30,000.00 | SCOT |
| Menchaca, Gail | USAA | 090504702CV | Montgomery | $130,000.00 | Total |
| | | | | $130,000.00 | Trial |
| Salinas, Oscar | State Farm | 110194 | Brownsville Division | $76,124.00 | Total |
| | | | | $76,124.00 | Trial |
| | | | Avg Total | $225,186.08 | |
| | | | Avg Trial | $195,607.23 | |
| | | | Avg COA | $31,428.57 | |
| | | | Avg SCOT | $30,000.00 | |
| | | | High Total | $413,525.00 | |
| | | | High Trial | $313,525.00 | |
| | | | High COA | $50,000.00 | |
| | | | High SCOT | $50,000.00 | |
| | | | Low Total | $110,000.00 | |
| | | | Low Trial | $75,000.00 | |
| | | | Low COA | $15,000.00 | |
| | | | Low SCOT | $20,000.00 | |

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Hon. Eric Dick:
- Hon. Eric Dick is a counsel of record for Plaintiffs in the underlying disputes.
- He has been practicing law since 2008 and personally handling over four-thousand matters involving first-party insurance claims.
- He has worked in the insurance industry since he was nineteen.
- He is a licensed insurance agent.

- He is a licensed real estate agent.
- He is licensed as a practicing attorney in the Northern, Southern, Eastern, and Western Federal Districts.
- He has provided expert testimony well above one hundred times consisting of hearings, mediations, bench trials, jury trials, etc.
- He has represented a wide variety of individuals of various nationalities and occupations over the State of Texas.
- He estimates that he has practiced law in 25% of the 254 counties in Texas.
- He has agreed with Plaintiff to provide him with legal representation in connection with this cause of action on a contingency fee basis.
- His fees will be based on any recoveries obtained in this matter.
- Mr. Dick may provide billing of attorney fees and costs for representation, which may be supplemented and is incorporated entirely by reference.
- In providing any report, Mr. Dick would have relied upon the pleadings filed by all the parties, the discovery exchanged by and between the parties, the file materials provided by the client, and damages reports by any applicable experts.
- During his representation of Plaintiff in this matter, Mr. Dick had investigated the claims, prepared pleadings.
- Mr. Dick anticipates he will respond to discovery when necessary and propounded discovery.
- Mr. Dick anticipates that there will be hearings and depositions along with further discovery.
- Mr. Dick believes this lawsuit could be mediated.
- If this settled is not settled, it will be tried by a judge or a jury.
- In his experience with first-party insurance claims, it is common for them to be handled by an attorney on a contingency fee basis.
- In his opinion, a fee for an attorney's services in connection with this matter based on a contingency percent of all recoveries obtained is reasonable. I
- It is a usual and customary fee for handling these types of cases in the State of Texas.
- At trial, he will testify to the reasonableness and necessity of these attorney's fees using the eight non-exhaustive factors (not to exclude any other relevant factors laid out in the Texas Disciplinary Rules of Professional Conduct 1.04(b):
  1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
  2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
  3. The fee customarily charged in the locality for similar legal services;
  4. The amount involved and the results obtained;
  5. The time limitations imposed by the client or by the circumstances;
  6. The nature and length of the professional relationship with the client;
  7. The experience, reputation, and ability of the lawyer or lawyers performing the services; and
  8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

More information on Eric Dick:

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |
| College: | Rice University |
| Degree: | MBA (Pending) |

- Hon. Eric Dick has interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history.
- Hon. Eric Dick has interned for Harris County District Attorney's office is the Welfare Division
- Hon. Eric Dick was elected as a trustee for Harris County Department of Education.
- Hon. Eric Dick was elected as vice president for the board of trustees for Harris County Department of Education.
- Hon. Eric Dick was elected as president for the board of trustees for Harris County Department of Education
- CLE Taught: Hello, I'm an Expert: How TRCP 169 Affects the Expert Role by Eric Dick, owner / founder Dick Law Firm, PLLC.
  Description: In 2013 Texas Rules of Civil Procedure (TRCP) has been changed to allow expedited actions -TRCP 169. The speaker will discuss how these actions apply limits to discovery and expert challenges. In addition, he will discuss some pitfalls experts can avoid during an expedited action.
- Eric Dick has been named by Super Lawyers as a Rising Star.

Mr Dick's report and resume, if not attached, may be provided to Defendant and are incorporated by reference. Information on Dick Law Firm is available at www.dicklawfirm.com

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary and customary in this county and surrounding counties.  Such expert will decide what reasonable fee is to be charged in this case per hour in consideration with several factors, including:

- The nature and complexity of the case;
- The nature of the services provided by counsel;
- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:
  - The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
  - The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;

- o The fee customarily charged in the locality for similar legal services;
- o The amount involved and the results obtained;
- o The time limitations imposed by the client or the circumstances;
- o The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

# CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
|---|
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

CC-22-03773-A

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition

**FILE DATE OF MOTION:** 7/15/2022 _____
Month/     Day/     Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: MT. HAWLEY INSURANCE COMPANY

   ADDRESS: 9025 N. LINDBERGH DR., PEORIA, IL 61615

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:   ☐ **COURTHOUSE DOOR, or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☑ **OTHER,** *explain* PLEASE SEND CITATION TO ATTORNEY AT VIA EMAIL OR MAIL AT; ERIC@DICKLAWFIRM.COM OR 3701 BROOKWOODS DRIVE, HOUSTON, TX, 77092

*********************************************************************************
****

2. NAME: _____

   ADDRESS: _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:   ☐ **COURTHOUSE DOOR, or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: ERIC B DICK _____   TEXAS BAR NO./ID NO. 24064316

MAILING ADDRESS: 3701 BROOKWOODS DRIVE, HOUSTON, TX 77092

PHONE NUMBER: 832   207-2007 _____   FAX NUMBER: _____ _____
    area code    phone  number           area code    fax  number

EMAIL ADDRESS: ERIC@DICKLAWFIRM.COM

CIVIC108 Revised 9/3/00

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED **PCT HOSPITALITY, INC V. MT. HAWLEY INSURANCE COMPANY**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: ERIC B. DICK DICK LAW FIRM, ATTORNEY  Email: eric@dicklawfirm.com | Plaintiff(s)/Petitioner(s): **PCT HOSPITALITY, INC** | ■ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| Address: 3701 BROOKWOODS DR  Telephone: (832) 207-2007 | _____ Defendant(s)/Respondent(s): MT. HAWLEY INSURANCE COMPANY | Additional Parties in Child Support Case:  Custodial Parent: _____ |
| City/State/Zip: HOUSTON, TX 77092  Fax: | _____ | Non-Custodial Parent: _____ |
| Signature: *[signature]*  State Bar No: 24064316 | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☒ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: _____ | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: _____ | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: _____ | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: _____ | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: _____ | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order | |
| | | | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: _____ | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: _____ |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: _____ | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: _____ | | |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____   **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** PCT HOSPITALITY, INC V. MT. HAWLEY INSURANCE COMPANY

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: ERIC B. DICK, DICK LAW FIRM, ATTORNEY | Email: eric@dicklawfirm.com | Plaintiff(s)/Petitioner(s): PCT HOSPITALITY, INC | ☑ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| Address: 3701 BROOKWOODS DR | Telephone: (832) 207-2007 | _____ _____ | Additional Parties in Child Support Case: |
| City/State/Zip: HOUSTON, TX 77092 | Fax: | Defendant(s)/Respondent(s): MT. HAWLEY INSURANCE COMPANY | Custodial Parent: _____ Non-Custodial Parent: _____ |
| Signature: *[signature]* | State Bar No: 24064316 | _____ [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☑ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: _____ *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: _____ | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: _____ ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: _____ | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: _____ | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: _____ | ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: _____ | ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: _____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: _____ | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: _____ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-22-03773-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**MT. HAWLEY INSURANCE COMPANY**
**SERVE THE PRESIDENT, AN ACTIVE VICE PRESIDENT,**
**SECRETARY OR ATTORNEY**
**9025 N. LINBERGH DR**
**PEORIA, IL  61615**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITIONEXPEDITED ACTION UNDER TRCP 169, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**PCT HOSPITALITY, INC**
*Plaintiff(s)*

**VS.**

**MT. HAWLEY INSURANCE COMPANY**
*Defendant(s)*

Filed in said Court on the 18th day of July, 2022, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of July, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
      Momodou Bayo



---

| **ATTORNEY** |
| --- |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITIONEXPEDITED ACTION UNDER TRCP 169** |

**CC-22-03773-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

PCT HOSPITALITY, INC, *Plaintiff(s)*

**VS.**

MT. HAWLEY INSURANCE COMPANY,
*Defendant(s)*

**SERVE:**
**MT. HAWLEY INSURANCE COMPANY**
**SERVE THE PRESIDENT AN ACTIVE**
**VICE PRESIDENT SECRETARY OR**
**ATTORNEY**
**9025 N LINBERGH DR**
**PEORIA, IL  61615**

**ISSUED THIS**
**19TH DAY OF JULY, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

ERIC B DICK
DICK LAW FIRM PLLC
3701 BROOKWOODS DR
HOUSTON TX  77092
832-207-2007

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-22-03773-A      County Court at Law No. 1

PCT HOSPITALITY, INC vs. MT. HAWLEY INSURANCE COMPANY

**ADDRESS FOR SERVICE:**
SERVE THE PRESIDENT, AN ACTIVE VICE PRESIDENT, SECRETARY
OR ATTORNEY
9025 N. LINBERGH DR
PEORIA, IL  61615

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to MT. HAWLEY INSURANCE COMPANY in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITIONEXPEDITED ACTION UNDER TRCP 169 with the date and service at the following times and places to-wit:

**Name**                                    **Date/Time**                        **Place, Course and Distance from Courthouse**

_____

_____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy $_____       _____, Officer

Total     $_____            _____, County, Texas

By:_____, Deputy

_____, Affiant

EXHIBIT 3-6

RECEIVED

JUL 2 6 2022

CLAIM DEPARTMENT

**QUICK SERVICE PROS**
**4325 TULSA**
**HOUSTON, TEXAS 77092**
**713-259-5540**

RECEIVED

JUL 2 5 2022

LAW DEPT

Date: **JULY 20, 2022**

TO:   **MT. HAWLEY INSURANCE COMPANY**
       **SERVE THE PRESIDENT AN ACTIVE VICE PRESIDENT**
       **SECRETARY OR ATTORNEY**
       **9025 N. LINBERGH DR**
       **PEORIA IL 61615**

RE:   **CITATION ISSUED BY**   **DICK LAW FIRM, ERIC B. DICK, ATTORNEY AT**
       **LAW**

**Please find enclosed attached CITATION executed by CERTIFIED MAIL**

**CERTIFIED MAIL RECEIPT #**    **7021 0950 0000 1937 6606**

**Tim Mullinax,**
**Process Server #9993**